# Exhibit A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District New York

| | | |
|---|---|---|
| In re Application of Eurasian Natural Resources Corporation Limited | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: HarperCollins Publishers LLC

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

**See "ATTACHMENT A"**

| Place: 55 Hudson Yards, 20th Floor, New York, NY, 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method: Court reporter and videographer

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See "ATTACHMENT B"**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Applicant, Eurasian Natural Resources Corporation Limited
Duane L. Loft – Boies Schiller Flexner LLP
55 Hudson Yards, 20th Floor, New York, NY, 10001
T: (212) 909-7606
E-mail: DLoft@bsfllp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* HarperCollins Publishers LLC
on *(date)* .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF EURASIAN NATURAL RESOURCES CORPORATION LIMITED PURSUANT TO 28 U.S.C. § 1782 FOR LEAVE TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS,<br><br>　　　　　　　　　　　　Applicant. | Case No. 20 mc. _____ |

## ATTACHMENT A

## INSTRUCTIONS AND DEFINITIONS

1. The date range for each category of information shall be the period beginning January 1, 2019, and continuing through the present.

2. The "Book" shall mean and refer to the book by author Tom Burgis, titled *Kleptopia: How Dirty Money Is Conquering the World.*

3. "Communication" is used in its broadest ordinary sense and shall mean any manner or means if disclosure, transfer or exchange of facts, information, ideas, opinions, inquiries or thoughts, whether by written, oral, mechanical, telephonic, electronic or some other means of communications, and shall include the information transmitted.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. A request for production of "documents" shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, including but not limited to writings, recordings, letters, email, correspondence, memoranda, notes, records, minutes, contracts, charts, graphs, data, compilations of data, reports, customer records, invoices, and any other data in retrievable from which information may be obtained.

5. "ENRC" and/or "Applicant" shall mean Eurasian Natural Resources Corporation Ltd. and its respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control.

6. "ENRC Group" shall mean and include a diversified natural resources group consisting of numerous subsidiaries and associated entities operating on an international scale, any and/or all of which of ENRC is the parent company.

7. "Imprints" shall mean and refer to any and all of HarperCollins' imprints, including HarperCollins UK, William Collins, HarperCollins UK and HarperCollins Publishers Ltd., and any other imprints or subsidiaries of HarperCollins.

8. "Ultimate Owners" of the ENRC Group shall mean and include the following ultimate majority owners of the ENRC Group: Alexander Mashkevich, Patokh Chodiev, and Alijan Ibragimov.

9. "You" or "HarperCollins" shall mean and refer to HarperCollins Publishers LLC, as well as its respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, imprints, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control. "You" or "HarperCollins" shall mean and refer to any and all of its "Imprints"

## **MATTERS FOR EXAMINATION**

1. The due diligence and pre-publication fact checking process at HarperCollins Publishers, LLC, including for the imprint Harper.

2. The due diligence and pre-publication fact checking conducted by You on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners, including any details relating to how and from whom the information was obtained by Tom Burgis.

3. The due diligence and pre-publication fact checking conducted by Tom Burgis on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners, including any details relating to how and from whom the information was obtained by Tom Burgis.

4. Documents provided by Tom Burgis or any other parties in connection with due diligence and pre-publication fact-checking on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners.

5. Communications between You and Tom Burgis or any other parties in connection with due diligence and pre-publication fact-checking on the information included in the Book which relates to ENRC, ENRC Group and/or any of the Ultimate Owners, including any details relating to how and from whom the information that is included in the Book was obtained by Tom Burgis.

6. Your compensation of Tom Burgis, and any other compensation received by Tom Burgis, in connection with the publication or sale of the Book.

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF EURASIAN NATURAL RESOURCES CORPORATION LIMITED PURSUANT TO 28 U.S.C. § 1782 FOR LEAVE TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS,<br><br>                                        Applicant. | Case No. 20 mc. ____ |

## ATTACHMENT B

## INSTRUCTIONS

1. Each Request extends to all Documents and Communications in your possession, custody, or control or in the possession, custody, or control of anyone acting on your behalf. A Document is in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any person (including any subsidiary and Imprint) and you (i) own such Document in whole or in part; (ii) have a right (by contract, statute, or otherwise) to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such Document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when you sought to do so.

2. If you know the location of any requested Document and do not produce the Document on the ground that the Document is not in your possession, custody, or control, you shall identify the Document and identify the person who you believe has possession, custody, or control of the Document.

3. If you are unaware of the existence of any Documents responsive to a particular Request, your response should expressly indicate so.

4. The original of each Document requested herein shall be produced together with any drafts, revisions, or copies of the same that bear any mark or notation not present in the original or that otherwise differ from the original.

5. All Documents shall be produced in their entirety without redaction (other than redactions for privilege) and should include all attachments and enclosures. Documents that are attached to each other or are in the same family should not be separated.

6. You must state whether you will produce Documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the Request.

7.      The response to each Request shall state, with respect to each item or category, that production will be made or inspection will be permitted as requested, unless the Request is objected to, in which event the reason(s) for objection shall be stated. If objection is made to part of a Request, the part shall be specified; Documents responsive to the remainder of the Request shall be produced. Any such objection shall not extend the time within which you must otherwise respond to a Request to which no specific objection has been made.

8.      With respect to any Documents or information withheld on a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege, you shall provide an express statement of the asserted privilege that includes the following information: (i) the applicable date; (ii) the identity of the author(s), including (but not limited to) the business or legal title(s) or position(s); (iii) the identity of the recipient(s), including (but not limited to) business or legal title(s) or position(s); (iv) the subject matter of the Document; (v) the identity of all other persons who received copies; and (vi) the specific factual basis of the claimed privilege or other protection from discovery.

9.      The use of the singular form of a noun includes the plural form, and vice versa.

10.     Each Request shall operate and be construed independently and, unless otherwise stated, no request limits the scope of any other Request.

11.     In responding to any of these Requests, if you encounter any ambiguity in construing either the Requests or a definition or instruction, set forth the mattered deemed ambiguous and the construction used in answering the Request. These requests are to be liberally construed, and you should resolve any doubts about whether a Document is responsive to these Requests in favor of production.

12.     These Requests shall be deemed continuing in nature to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure and any Case Management or Scheduling Orders entered by the Court. Supplemental responses and Document production are required if You, directly or indirectly, obtain further information after its initial responses and Document production.

13.     Unless the Request explicitly states otherwise, the date range for each Request shall be the period beginning January 1, 2019, and continuing through the present.

## DEFINITIONS

1. "All documents regarding" and "All documents and communications regarding" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

2. The "Book" means the book by author Tom Burgis, titled *Kleptopia: How Dirty Money Is Conquering the World.*

3. "Communication" is used in its broadest ordinary sense and shall mean any manner or means if disclosure, transfer or exchange of facts, information, ideas, opinions, inquiries or thoughts, whether by written, oral, mechanical, telephonic, electronic or some other means of communications, and shall include the information transmitted.

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. A request for production of "documents" shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, including but not limited to writings, recordings, letters, email, correspondence, memoranda, notes, records, minutes, contracts, charts, graphs, data, compilations of data, reports, customer records, invoices, and any other data in retrievable from which information may be obtained.

5. "ENRC" and/or "Applicant" means Eurasian Natural Resources Corporation Ltd. and its respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control.

6. "ENRC Group" means the diversified natural resources group consisting of numerous subsidiaries and associated entities operating on an international scale, any and/or all of which of ENRC is the parent company.

7. "Imprints" means any and all of HarperCollins' imprints, including HarperCollins UK, William Collins, HarperCollins UK and HarperCollins Publishers Ltd., and any other imprints or subsidiaries of HarperCollins.

8. "Milltown Partners" means Milltown Partners Global Communications Advisory.

9. "SFO" means the Serious Frauds Office of the United Kingdom.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

11. The terms "each," "any," and "all" shall be construed to mean "each and every."

12. The terms "relating to," "regarding," "concerning," "referring to" or "pertaining to" shall have their broadest usual and customary meaning, and, in addition, shall mean directly or indirectly, in whole or in part, alluding to, analyzing, assessing, being connected with, characterizing, commenting on, connected with, constituting, containing an implicit reference to, describing, disclosing, discussing, evidencing, explaining, identifying, memorializing, mentioning, noting, pertaining to, recording, referring to, reflecting, regarding, relating to, representing, showing, stating, suggesting, summarizing, supporting, touching upon, underlying, or otherwise involving the subject matter of the specified Request.

13. The use of the singular form of a noun includes the plural form, and vice versa.

14. The word "including" means "including but not limited to."

15. "Ultimate Owners" means the following ultimate majority owners of the ENRC Group: Alexander Mashkevich, Patokh Chodiev and Alijan Ibragimov.

16. "You" or "HarperCollins" means HarperCollins Publishers LLC, as well as its respective principals, affiliates, agents, employees, officers, directors, members, partners, owners, attorneys, advisors, accountants, contractors, subsidiaries, imprints, parents, or any other person acting on their behalf, under their direction, at their behest, for their benefit, or under their control. "You" or "HarperCollins" shall mean and include its "Imprints."

## DOCUMENT REQUESTS

1. All manuscripts and other drafts of the Book.

2. All Documents and Communications in connection with your fact checking or due diligence of information in the Book relating to, provided by, or originating from:

    a. ENRC;

    b. ENRC Group;

    c. The Ultimate Owners;

    d. Dechert LLP;

    e. Milltown Partners;

    f. David Neil Gerrard;

    g. Robert Trevelyan;

    h. Cyntel;

    i. Mark Hollingsworth;

    j. Ake-Jean Qajygeldin;

    k. Glenn Simpson;

    l. Alex Yearsley;

    m. Phillip van Niekerk; or

    n. The SFO.

3. All Documents and Communications You received from Tom Burgis in connection with information in the Book relating to ENRC, ENRC Group, or any of the Ultimate Owners.

4. All Documents and Communications You received or reviewed in connection with the Book relating to ENRC, ENRC Group, or any of the Ultimate Owners.

5. All Documents and Communications You received or reviewed in connection with the Book relating to ENRC's legal representation by Dechert LLP and/or David Neil Gerrard.

6. All Documents and Communications You received or reviewed in connection with the Book relating to Milltown Partners.

7. All Documents and Communications You received or reviewed in connection with the Book relating to Robert Trevelyan or Cyntel.

8. All Documents and Communications You received or reviewed in connection with the Book relating to Mark Hollingsworth.

9. All Documents and Communications You received or reviewed in connection with the Book relating to Ake-Jean Qajygeldin.

10. All Documents and Communications You received or reviewed in connection with the Book relating to Glenn Simpson.

11. All Documents and Communications You received or reviewed in connection with the Book relating to Alex Yearsley.

12. All Documents and Communications You received or reviewed in connection with the Book relating to Phillip van Niekerk.

13. All Documents and Communications You received or reviewed in connection with the Book relating to an SFO investigation into ENRC and/or the ENRC Group.

14. All Documents and Communications You received from the SFO or an individual employed by the SFO in connection with the Book.

15. All Documents and Communications relating to compensation paid to Tom Burgis by You in connection with publication and sale of the Book.

16. All Documents and Communication relating to any compensation received by Tom Burgis in connection with publication and sale of the Book.