

October 21, 2020

**VIA ECF**

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***In Re: Ex Parte Application of Eurasian Natural Resources Corporation Limited*, 20-mc-00312-ER**

Dear Judge Ramos:

On behalf of Applicant Eurasian Natural Resources Corporation Limited ("ENRC"), we provide this response to the pre-motion letter filed by HarperCollins Publishers, LLC ("HarperCollins" or "Respondent"), Dkt. 16 ("Ltr." or "Letter"), requesting leave to file a motion to quash the Subpoena that ENRC served pursuant to the Court's *ex parte* order, Dkt. 11.

As set forth below, there is no basis for the requested motion to quash.  Contrary to the Letter, (1) the Subpoena is not intended to "harass" and instead seeks information with obvious relevance to the Foreign Proceedings; [1] (2) even if the Subpoena were to implicate certain privileges, those privileges should be raised in a privilege log, not in a motion to quash; (3) the Subpoena is limited to documents in the possession, custody, or control of HarperCollins in the United States and is not an "end run around the UK discovery procedures"; and (4) the claims in the Foreign Proceedings are valid, and their "viability" under foreign law is not a proper inquiry under Section 1782.  ENRC respectfully requests denial of Respondent's pre-motion request.

1.    **Respondent's Conclusory Allegation of Harassment Is Meritless.**

ENRC commenced these proceedings under Section 1782 to obtain discovery confirming that Mr. Burgis disclosed ENRC's confidential information in a book published through Respondent, HarperCollins, and confirming how much he is being paid by HarperCollins.  This discovery is of direct relevance to the Foreign Proceedings against Mr. Burgis himself, and against the persons and entities responsible for stealing ENRC's information and providing it to Mr. Burgis.  Respondent has no basis for its speculative claim that the Subpoena's "primary purpose is harassment."  (Ltr. 1.)  Respondent claims that ENRC never specified which portions of Mr. Burgis's book contain ENRC's confidential information.  But there was no legal obligation to do so and, in any event, it was impossible given that the Book was not published at the time of the Application.  Now that it has been published, the use of ENRC's confidential information is obvious: as a few examples, the Book discloses and specifically identifies (i) a privileged and confidential report prepared by ENRC's outside counsel at Dechert LLP; (ii) an internal email from ENRC's former director; and (iii) a confidential letter by ENRC's former lawyer.

2.    **The "Reporter's Privilege" Is Not a Proper Basis for a Motion to Quash.**

As courts in this District have ruled, invocation of the reporter's privilege is not a proper basis to quash a subpoena because there "is a fundamental difference" between "the issuance of a

---

[1] The defined terms, facts, and arguments set forth in ENRC's Application, Dkt. 2, and supporting declarations, Dkt. 3–4, are incorporated by reference and used herein.



subpoena" and "the ultimate compulsion of the production of evidence or testimony." *In re Application of Chevron Corp.*, 736 F. Supp. 2d 773, 782 (S.D.N.Y. 2010). Judge Kaplan explained,

> the qualified privilege does not foreclose the issuance of compulsory process to journalists or excuse them from demonstrating, in an appropriate manner, that the privilege applies to particular documents or information in question. The word "journalist," in other words, is not an incantation that protects against the issuance of a subpoena.

*Id.* Rather, the reporter's privilege is properly invoked through the production of a privilege log. *See, e.g.*, *id.* (requiring a privilege log and rejecting a Section 1782 respondent's "sweeping," "blanket claim" of reporter's privilege). Respondent's citation to *In re Eurasian Natural Resource Corp., Ltd.* (Ltr. 2) proves this point, as there, the privilege was asserted in specific objections, not a motion to quash. 18-mc-80041-LB (N.D. Cal., June 18, 2018), Dkt. 15-1.

That is because the reporter's privilege, by its very nature, can be assessed only by reference to *documents*, not requests for documents. For example, the reporter's privilege does not apply to documents from a confidential source that are "highly material and relevant, necessary or critical to the maintenance of the claim, and not obtainable from other available sources." *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 33 (2d Cir. 1999). For documents from non-confidential sources, the privilege is overcome if the material is "of likely relevance to a significant issue" and "not reasonably obtainable from other available sources." *Id*. at 36.[2] Respondent appears intent on arguing that ENRC cannot prove "that the information sought is not attainable from other sources." (Ltr. 2.) But that argument cannot be assessed in a vacuum. The analysis can be performed only by reference to specific documents, typically using a document-by-document privilege log, and certainly not on the basis of sweeping assertions of privilege made in an omnibus motion to quash. *See In re Application of Chevron Corp.*, 736 F. Supp. 2d at 782 ("[W]ithout knowing more about the particulars of the individual documents and events as to which [respondent] claims privilege, it is impossible to make an informed determination as to whether in fact the elements of the privilege have been made out, let alone to permit [petitioner] to seek to overcome any such privilege, as is its right."); *Am. Sav. Bank, FSB v. UBS Painewebber, Inc.*, No. M8-85, 2002 WL 31833223, at *2 (S.D.N.Y. Dec. 16, 2002) (finding "refusal to produce a log and assertion of a blanket [reporter's] privilege an unreasonable course of action" because "without the log" the requesting party "cannot determine which items, if any, it needs").

Here, the Subpoena contains 16 requests. HarperCollins has not even objected to all of them on grounds of privilege. *See* Attachment A (interposing no privilege objection to Matter for

---

[2] Respondent is incorrect in invoking the New York Shield Law (Ltr. 2–3) because this is a federal question case and the applicable privileges are governed by federal common law, not New York law. *See* Fed. R. Evid. 501; *Sines v. Yiannopoulos*, No. 20-MC-241 (KPF), 2020 WL 6058279, at *4 (S.D.N.Y. Oct. 14, 2020) (rejecting New York Shield Law and applying federal reporter's privilege). To the extent that English law applies, statutory protection afforded under Section 10 of the Contempt of Court Act (1981) only protects the disclosure of a reporter's sources, not underlying material, and can be overcome when in the interests of justice, national security, or for the prevention of disorder or crime. *See* Shanmuganathan Decl., Dkt. 4 ¶ 36. The *Goodwin* case cited by Respondent (Ltr. 2) does not hold otherwise and is distinguishable on a number of grounds, including because it deals solely with identity of sources, whereas in this case ENRC already knows the identity of the sources named in the subpoena.



Examination No. 6 or Document Requests Nos. 15–16, which seek compensation information regarding the Book). HarperCollins has not served any privilege log. HarperCollins should not be permitted to avoid its burden of establishing any asserted privileges, including by furnishing a document-by-document privilege log, by first getting to try out broad-brush arguments in an omnibus motion to quash. Rule 45 "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). Thus no motion to quash is proper here. And if HarperCollins is to file one, then ENRC respectfully requests leave to file a cross-motion to compel production of all documents for which no adequate basis for privilege has been established.

**3.     The Subpoena Is Not an "End Run" for Discovery from a Foreign Litigant.**

The Subpoena is expressly limited to evidence within Respondent's possession, custody, or control. *See* Dkt. 3-1 ¶ 1. Respondent's concession that it "contracted with" Mr. Burgis "to publish the . . . Book in the United States" (Ltr. 1) and that it had some "involvement in drafting and reviewing the Book" (Ltr. 3) establishes that it possesses responsive discovery. It is irrelevant if some of that discovery also happens to be in the possession of a separate corporate affiliate in the U.K. *See In re Top Matrix Holdings Ltd.*, No. 18 MISC. 465 (ER), 2020 WL 248716, *5 (S.D.N.Y. Jan. 16, 2020) (Ramos, J.) ("That the information is located in Switzerland is not relevant, and by extension, that information possessed by Credit Suisse USA is also likely possessed by Credit Suisse in Switzerland is not relevant.").

**4.     The "Viability" of ENRC's Claims Is Not Relevant to the Section 1782 Analysis.**

HarperCollins appears intent on using its motion to quash as a vehicle to litigate the very merits of the Foreign Proceedings, arguing repeatedly that "ENRC has no viable claim against Mr. Burgis." (Ltr. 1, 3.) This attempt would fail even if it were entertained. ENRC's application established a valid legal basis for the claims in the Foreign Proceedings. *See* Memorandum, Dkt. 2 at 3–7. Respondent's "viability" attacks now focus on the claim against Mr. Burgis, but there are four other Foreign Proceedings to which the requested discovery is relevant. Respondent's defenses are not relevant to those other cases, which are against Mr. Burgis's suspected sources, not against Mr. Burgis. But the point is that the viability of a foreign claim is not a proper consideration when ruling on a section 1782 application. *See Mees v. Buiter*, 793 F.3d 291, 298–99 (2d Cir. 2015) (rejecting "necessity requirement" for requested discovery because that "inquiry" would "require interpretation and analysis of foreign law" which is an "inherently unreliable method of deciding section 1782 requests"). Respondent's invocation of "First Amendment" protections for Mr. Burgis, a British national residing in England, makes no sense. This is discovery in aid of *foreign* proceedings, not proceedings in the United States subject to the U.S. Constitution.

Respectfully submitted,

/s/ *Duane L. Loft*

Duane L. Loft