# ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

-------------------------------------------------------------- x

IN RE: EX PARTE APPLICATION OF     :
EURASIAN NATURAL RESOURCES     :
CORPORATION LIMITED PURSUANT TO 28     :
U.S.C. § 1782 FOR LEAVE TO TAKE     :
DISCOVERY FOR USE IN FOREIGN     :    Case No. 1:20-mc-00312-ER
PROCEEDINGS     :
    :    Hon. Edgardo Ramos
    :
Applicant.     :
    :
    :
    :

-------------------------------------------------------------- x

### RESPONDENT HARPERCOLLINS PUBLISHERS LLC'S RESPONSES AND OBJECTIONS TO EURASIAN NATURAL RESOURCES CORPORATION'S DEPOSITION SUBPOENA AND DEMAND FOR PRODUCTION OF DOCUMENTS

Respondent HarperCollins Publishers LLC ("HarperCollins") hereby objects to the "Subpoena to Testify in a Deposition in a Civil Action" (hereinafter, "the Subpoena") that Eurasian Natural Resources Corporation Ltd. ("ENRC") served on it seeking the production of documents and the deposition of a corporate representative on October 30, 2020[1]:

## I.   GENERAL OBJECTIONS

1.    HarperCollins objects to the Subpoena as unduly burdensome and oppressive to the extent it purports to impose any requirement or discovery obligation other than or beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New

---

[1] HarperCollins filed a pre-discovery motion letter on October 16, 2020, indicating its intent to file a motion to quash the Subpoena. By serving these Objections, HarperCollins does not limit any of its legal defenses, claims, rights, privileges, remedies, objections, or responses to the Subpoena, all of which are expressly reserved. The parties agreed that HarperCollins would serve its Objections to the Subpoena on this same day, October 16, 2020.

York, Judge Ramos's Individual Practice Rules or Standing Orders, or other applicable rules of the Court.

2.      HarperCollins objects to the Subpoena to the extent it seeks disclosure of information, communications, and/or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine, or immunity.  To the extent that it may be construed as seeking such privileged or protected information, HarperCollins hereby claims such privilege and invokes such protection. The fact that HarperCollins does not specifically object to an individual request on the ground that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or protection.

3.      The Subpoena purports to seek unpublished editorial information gathered by journalist Tom Burgis that HarperCollins reviewed for dissemination to the public in the form of the book, *Kleptopia*, including but not limited to the identities of, and information received from, confidential sources. Accordingly, HarperCollins objects to the Subpoena to the extent that it calls for the disclosure of information protected from compelled disclosure by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the federal common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.

4.      HarperCollins objects to the Subpoena to the extent that it seeks documents not in its possession, custody, or control; documents that already are in ENRC's possession, custody, or control; and/or documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its other pending litigations.

5.      HarperCollins objects to the Subpoena to the extent that it seeks any documents held by its legally-distinct foreign corporate affiliates, including but not limited to, HarperCollins UK.

6.      HarperCollins objects to the Subpoena to the extent that it seeks discovery regarding matters that are not relevant to the subject matter of the contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.

7.      HarperCollins objects to the Subpoena to the extent that its requests are vague, ambiguous, and/or overbroad, and therefore unduly burdensome.

8.      HarperCollins objects to the Subpoena on the grounds that it is intended to harass and is made in bad faith.

9.      HarperCollins objects to the definitions of "You", "HarperCollins", and "Imprints" in Attachments A and B of the Subpoena on the grounds that they render each of the matters for examination and document requests patently overbroad, vague, ambiguous, harassing, and unduly burdensome.  By objecting to this Subpoena, HarperCollins is not acknowledging the existence of any responsive documents or anyone competent to testify about the matters for examination.

10.      The foregoing objections and qualifications apply to each and every request made in the Subpoena, and are incorporated by reference to the extent applicable in each of the specific responses set forth below as though fully set forth there.  The failure to mention one of the foregoing objections in any of the specific responses set forth below shall not be deemed a waiver of such objection or qualification.

## II.    SPECIFIC OBJECTIONS TO MATTERS FOR EXAMINATION

## MATTER FOR EXAMINATION NO. 1

The due diligence and pre-publication fact checking process at HarperCollins Publishers, LLC, including for the imprint Harper.

## RESPONSE TO MATTER FOR EXAMINATION NO. 1

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this matter for examination on the grounds that it expressly calls for testimony or information—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this matter for examination to the extent that it calls for testimony or information about matters protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigations or that is not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information that is more appropriately obtained from other parties with knowledge or information about the specific matters.  Finally, HarperCollins specifically objects to this matter for examination because it is harassing, made in bad faith, overbroad, and unduly burdensome.

**MATTER FOR EXAMINATION NO. 2**

The due diligence and pre-publication fact checking conducted by You on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners, including any details relating to how and from whom the information was obtained by Tom Burgis.

**RESPONSE TO MATTER FOR EXAMINATION NO. 2**

HarperCollins incorporates by reference the above General Objections. HarperCollins specifically objects to this matter for examination on the grounds that it expressly calls for testimony or information—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. HarperCollins further specifically objects to this matter for examination to the extent that it calls for testimony or information about matters protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigations or that is not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information that is more appropriately obtained from other parties with knowledge or information about the specific matters. Finally, HarperCollins specifically objects to this matter for examination because it is harassing, made in bad faith, overbroad, and unduly burdensome.

## MATTER FOR EXAMINATION NO. 3

The due diligence and pre-publication fact checking conducted by Tom Burgis on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners, including any details relating to how and from whom the information was obtained by Tom Burgis.

## RESPONSE TO MATTER FOR EXAMINATION NO. 3

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this matter for examination on the grounds that it expressly calls for testimony or information—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this matter for examination to the extent that it calls for testimony or information about matters protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity.  HarperCollins further specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigations or that is not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information that is more appropriately obtained from other parties with knowledge or information about the specific

matters.  Finally, HarperCollins specifically objects to this matter for examination because it is harassing, made in bad faith, overbroad, and unduly burdensome.

## MATTER FOR EXAMINATION NO. 4

Documents provided by Tom Burgis or any other parties in connection with due diligence and pre-publication fact-checking on the information included in the Book which relates to ENRC, ENRC Group, or any of the Ultimate Owners.

## RESPONSE TO MATTER FOR EXAMINATION NO. 4

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this matter for examination on the grounds that it expressly calls for testimony or information—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this matter for examination to the extent that it calls for testimony or information about matters protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity.  HarperCollins further specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigations or that is not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information that is more appropriately obtained from other parties with knowledge or information about the specific

matters.  Finally, HarperCollins specifically objects to this matter for examination because it is harassing, made in bad faith, overbroad, and unduly burdensome.

## MATTER FOR EXAMINATION NO. 5

Communications between You and Tom Burgis or any other parties in connection with due diligence and pre-publication fact-checking on the information included in the Book which relates to ENRC, ENRC Group and/or any of the Ultimate Owners, including any details relating to how and from whom the information that is included in the Book was obtained by Tom Burgis.

## RESPONSE TO MATTER FOR EXAMINATION NO. 5

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this matter for examination on the grounds that it expressly calls for testimony or information—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this matter for examination to the extent that it calls for testimony or information about matters protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity.  HarperCollins further specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigations or that is not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information that is more

appropriately obtained from other parties with knowledge or information about the specific matters.  Finally, HarperCollins specifically objects to this matter for examination because it is harassing, made in bad faith, overbroad, and unduly burdensome.

## MATTER FOR EXAMINATION NO. 6

Your compensation of Tom Burgis, and any other compensation received by Tom Burgis, in connection with the publication or sale of the Book.

## RESPONSE TO MATTER FOR EXAMINATION NO. 6

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this matter for examination on the grounds that it seeks testimony or information that is not relevant to the subject matter of the existing or contemplated litigation or that is not reasonably calculated to lead to the discovery of admissible evidence.  HarperCollins further specifically objects to this matter for examination to the extent that it seeks testimony or information about matters not within HarperCollins' corporate knowledge, but rather known by HarperCollins' foreign corporate affiliates.  Finally, HarperCollins objects to this matter for examination on the grounds that it seeks confidential and proprietary business information.

### III.    SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

## REQUEST FOR PRODUCTION NO. 1

All manuscripts and other drafts of the Book.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related

protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigations or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this request to the extent that it seeks documents held by HarperCollins' foreign corporate affiliates.  Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications in connection with your fact checking or due diligence of information in the Book relating to, provided by, or originating from:

a. ENRC;

b. ENRC Group;

c. The Ultimate Owners;

d. Dechert LLP;

e. Milltown Partners;

f. David Neil Gerrard;

g. Robert Trevelyan;

h. Cyntel;

i. Mark Hollingsworth;

j. Ake-Jean Qajygeldin;

k. Glenn Simpson;

l. Alex Yearsley;

m. Phillip van Niekerk; or

n. The SFO.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates.

Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome.

## REQUEST FOR PRODUCTION NO. 3

All Documents and Communications You received from Tom Burgis in connection with information in the Book relating to ENRC, ENRC Group, or any of the Ultimate Owners.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications You received or reviewed in connection with the Book relating to ENRC, ENRC Group, or any of the Ultimate Owners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources; and/or documents held by HarperCollins' foreign corporate affiliates.   Finally,

HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 5

All Documents and Communications You received or reviewed in connection with the Book relating to ENRC's legal representation by Dechert LLP and/or David Neil Gerrard.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications You received or reviewed in connection with the Book relating to Milltown Partners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 7

All Documents and Communications You received or reviewed in connection with the Book relating to Robert Trevelyan or Cyntel.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 8

All Documents and Communications You received or reviewed in connection with the Book relating to Mark Hollingsworth.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 9

All Documents and Communications You received or reviewed in connection with the Book relating to Ake-Jean Qajygeldin.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

HarperCollins incorporates by reference the above General Objections. HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 10

All Documents and Communications You received or reviewed in connection with the Book relating to Glenn Simpson.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 11

All Documents and Communications You received or reviewed in connection with the Book relating to Alex Yearsley.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information.  HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 12

All Documents and Communications You received or reviewed in connection with the Book relating to Phillip van Niekerk.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

HarperCollins incorporates by reference the above General Objections. HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 13

All Documents and Communications You received or reviewed in connection with the Book relating to an SFO investigation into ENRC and/or the ENRC Group.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

HarperCollins incorporates by reference the above General Objections. HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents—which may include the identities of, and information received from, confidential sources—protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

## REQUEST FOR PRODUCTION NO. 14

All Documents and Communications You received from the SFO or an individual employed by the SFO in connection with the Book.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

HarperCollins incorporates by reference the above General Objections. HarperCollins specifically objects to this request on the grounds that it calls for information and/or documents— which may include the identities of, and information received from, confidential sources— protected by the reporters' privilege under the First Amendment to the United States Constitution; the New York Shield Law (N.Y. Civ. Rights Law § 79-h); the common law; and related protections under the laws of the United Kingdom and Europe against the compelled disclosure of unpublished editorial information. HarperCollins further specifically objects to this request to the extent that it calls for the production of material protected by the attorney-client privilege, work-product doctrine, or other applicable privilege, doctrine, or immunity. HarperCollins further specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law. HarperCollins further specifically objects to this request to the extent that it seeks documents that already are in ENRC's possession, custody, or control; documents that are accessible to ENRC through other sources, including, but not limited to publicly available information and through discovery in its

other pending litigations; and/or documents held by HarperCollins' foreign corporate affiliates. Finally, HarperCollins specifically objects to this request because it is harassing, made in bad faith, overbroad, and unduly burdensome, as well as duplicative of Request No. 2.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications relating to compensation paid to Tom Burgis by You in connection with publication and sale of the Book.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents held by HarperCollins' foreign corporate affiliates.  Finally, HarperCollins objects to this request on the grounds that it seeks confidential and proprietary business information.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communication relating to any compensation received by Tom Burgis in connection with publication and sale of the Book.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

HarperCollins incorporates by reference the above General Objections.  HarperCollins specifically objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of the existing or contemplated litigation or that are not reasonably calculated to lead to the discovery of admissible evidence; and on the grounds that the requested

discovery would not support a cognizable legal claim under US or UK law.  HarperCollins further specifically objects to this request to the extent that it seeks documents held by HarperCollins' foreign corporate affiliates.  Finally, HarperCollins objects to this request on the grounds that it seeks confidential and proprietary business information.

HarperCollins expressly reserves all other objections to the Subpoena.

Dated: October 16, 2020
New York, New York

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Laura R. Handman*
Laura R. Handman
Jeremy A. Chase
Chelsea T. Kelly

1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
laurahandman@dwt.com
jeremychase@dwt.com
chelseakelly@dwt.com

*Attorneys for Respondent HarperCollins*
*Publishers, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 16th day of October 2020, true and correct copies of the

foregoing Responses and Objections to Subpoena were served by electronic mail to:

.

**Duane Louis Loft**
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
212-446-2300
Email: dloft@bsfllp.com

**Joanna Christine Wright**
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
212-446-2300
Email: jwright@bsfllp.com

**Joseph Aronsohn**
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
212-909-7629
Email: jaronsohn@bsfllp.com

**Mark William Kelley**
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
212-446-2300
Email: mkelley@bsfllp.com

/s/ *Laura R. Handman*
Laura R. Handman