UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

IN RE: EX PARTE APPLICATION OF
EURASIAN NATURAL RESOURCES
CORPORATION LIMITED PURSUANT TO 28
U.S.C. § 1782 FOR LEAVE TO TAKE
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS

Applicant.

Case No. 1:20-mc-00312-ER

Hon. Edgardo Ramos

---

# DECLARATION OF LAURA R. HANDMAN IN SUPPORT OF RESPONDENT HARPERCOLLINS PUBLISHERS, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

I, Laura R. Handman, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner in the firm of Davis Wright Tremaine LLP, counsel for HarperCollins Publishers, LLC ("HarperCollins-US"). I submit this declaration in support of HarperCollins-US' Reply in Further Support of its Motion to Quash Subpoena or, in the Alternative, for a Protective Order.

2. Upon reviewing ENRC's Opposition (ECF No. 33), our law firm performed a search of relevant custodial data and ascertained that HarperCollins-US possessed no documents responsive to Request Nos. 2-7 of the Amended Subpoena (*i.e.*, documents from ENRC, communications with the defendants in ENRC's UK lawsuits or other named third-parties, and communications received "to fact-check or perform due diligence on the Book").

3. Regarding Request Nos. 8-9 (documents regarding compensation that Mr. Burgis received in connection with the publication and sale of the Book), we learned that HarperCollins-

US maintains a copy of its publishing contract with Mr. Burgis, which sets forth the terms of his compensation for the Book's publication in the U.S. (hereinafter, the "Contract").

4.     We later learned that a statement of royalties from sales of the Book will be sent to Mr. Burgis in April 2021, but that this statement has not yet been created. However, beyond the Contract and the royalties data, HarperCollins-US possessed nothing responsive to the Amended Subpoena.

5.     On January 27, 2021, we contacted counsel for ENRC to discuss whether the petitioner would be willing to withdraw its Amended Subpoena given that: (1) HarperCollins-US possessed no documents responsive to Request Nos. 2-7; and (2) information regarding the compensation that HarperCollins-US paid Mr. Burgis to publish the Book is both irrelevant and highly confidential. During this conversation, when we represented that Mr. Burgis would be willing to disclose the Contract in the anticipated UK proceeding against him (if he were required to do so by the UK court), ENRC's counsel admitted that the Contract might not be discoverable in that jurisdiction, which is one reason why they were seeking it in the U.S.

6.     On February 2, 2021, counsel for ENRC rejected the request to withdraw the Amended Subpoena, maintaining that ENRC still wanted HarperCollins-US to produce the Contract, although they had not articulated a basis for its relevance to the ongoing or contemplated proceedings, aside from vague and unsubstantiated references to "damages."

7.     Separately, on January 21, 2021, ENRC's UK counsel sent HarperCollins-UK and Mr. Burgis a pre-action letter informing them of ENRC's impending filing of a defamation lawsuit against them in the UK arising from the Book. Attached hereto as Exhibit 1 is a true and correct copy of this letter. The pre-action letter did not state a claim for breach of confidence, only defamation. *See id.*

8.  Attached hereto as Exhibit 2 is a true and correct copy of HarperCollins-UK's counsel's response to ENRC's pre-action letter, sent on February 11, 2021 (hereinafter, the "Response Letter").  In this letter, HarperCollins-UK informed ENRC that it does not have standing to bring a defamation claim against it or Mr. Burgis in the UK.

9.  That same day, we forwarded the Response Letter to ENRC's U.S. counsel, and requested once again that ENRC withdraw its § 1782 application, or, at a minimum, consent to stay the proceeding until a UK court could rule on whether ENRC has a viable basis to invoke the jurisdiction of the UK courts.

10. On February 12, 2021, ENRC rejected that request.

11. I have seen Mr. Burgis's publishing contract with HarperCollins-US and can confirm that this document only includes the terms of his compensation from HarperCollins-US—not from any alleged "third parties."  If the Court would like any further confirmation of this fact, we can certainly produce the document for *in camera* review.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 15, 2021                                    /s/ *Laura R. Handman*
Washington, DC                                                                 Laura R. Handman